UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

E. MARTIN DE LUCA AND BOIES SCHILLER FLEXNER LLP FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782.

26-MC-516 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On November 5, 2026, Mr. Alkiviades David, an interested party in this case proceeding without counsel, sent an email to the Court, a copy of which is attached to this Order. The Court's rules prohibit substantive communications by email — and altogether prohibit direct communication and filing by self-represented parties.

In light of Mr. David's violation of the Court's rules, and his record of problematic filings in 25-MC-98 (JMF), a precursor to this case, the Court concludes that the filing restrictions that were imposed on Mr. David in that case should be imposed on him here. Accordingly, unless and until the Court orders otherwise, if Mr. David wishes to file anything in connection with this matter, he must first seek and obtain the Court's permission to do so. Any such request shall take the form of a letter motion — not to exceed one page in length, in 12-point font or larger, and with at least one-inch margins on all sides — explaining the nature of the submission that Mr. David wishes to make and why he should be permitted to file it. Mr. David may not file more than one such request per day. Further, Mr. David shall not file any request for relief that the Court has already denied and may not email the Court directly.

Any submission made by Mr. David that does not conform with the foregoing will be disregarded. Moreover, if Mr. David fails to comply with the foregoing, the Court will likely

impose additional sanctions, up to and including limiting Mr. David to filing one request to file a document per week (or barring further filings altogether), ordering Mr. David to pay monetary sanctions, and/or deeming the application in this matter to be unopposed by him.

Applicants shall electronically serve this Order on Mr. David and file proof of service on ECF within three business days of the date of this Order.

SO ORDERED.

Dated: November 6, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

Outlook

**Fwd: FORMAL NOTICE OF OBJECTION — November 4, 2026 Endorsement; Case No. 1:26-mc-00516-JMF; Disability Accommodations; Objection to Alternate Service; Recusal Concerns; Prior Judicial Conduct Complaints; OFAC and DPP Reports; Alfa Nero; Demand for Due ...**

**From** Alki David <filmonpersonal@gmail.com>
**Date** Thu 11/5/2026 9:30 PM
**To** KB Judges Listing Office [redacted]; Civil Appeals Registry [redacted]; Civil Appeals - CMSB [redacted]; Power, Benjamin | He/His [redacted]; Earley, Phil [redacted]; Furman NYSD Chambers <Furman_NYSDChambers@nysd.uscourts.gov>

**CAUTION - EXTERNAL:**

Read this
.

---------- Forwarded message ---------
From: **Alki David** <filmonpersonal@gmail.com>
Date: Thu, 5 Nov 2026, 10:25 pm
Subject: FORMAL NOTICE OF OBJECTION — November 4, 2026 Endorsement; Case No. 1:26-mc-00516-JMF; Disability Accommodations; Objection to Alternate Service; Recusal Concerns; Prior Judicial Conduct Complaints; OFAC and DPP Reports; Alfa Nero; Demand for Due Process and Cessation of Procedural Abuse — REQUEST TO DOCKET
To: Scott Nielson [redacted]
Cc: Derek Brasher [redacted], <prose@nysd.uscourts.gov>,
[redacted]

SWISSX ISLAND NETWORK

FORMAL NOTICE OF OBJECTION — RESERVATION OF RIGHTS

Dear Mr Nielson,

I acknowledge receipt of your notices and the November 4, 2026 endorsement treating your correspondence as a nunc pro tunc motion for alternate service.

I expressly object to the proposed method of service and do not consent to the jurisdictional, procedural or substantive implications of this proceeding. Nothing in this correspondence constitutes acceptance of service, waiver of objections or submission to any disputed procedure.

**Note to the Clerk of Court and Pro Se Intake Unit (SDNY):**
Please place this formal notice of objection and reservation of rights on the record / docket in Case No. 1:26-mc-00516-JMF. This submission is made pursuant to my established pro se filing practices

and disability accommodations previously requested and used in this matter and the related case 1:25-mc-00098-JMF. I request that it be processed and docketed in the same manner as my prior submissions so that the Court and all parties have a complete record. Thank you.

1. Documented disability and mandatory procedural accommodations

I am a severely disabled litigant in person with a documented traumatic brain injury sustained in a serious accident in London.

The CPR Part 35 medical report prepared by Dr Flavian Costin Naclad, following assessment on 13 July 2026 and dated 18 July 2026, documents structural frontal changes and associated neurological impairments.

My disability affects processing speed, memory, organisation, executive functioning, emotional regulation and my ability to manage complex procedural demands under pressure.

These are not newly asserted difficulties. They are medically documented circumstances that have previously been brought to the Court's attention.

I require reasonable procedural accommodations, including:

- Continued acceptance and processing of my filings through the established submission arrangements previously used in this case and the related proceedings.
- Proper PDF copies of all substantive correspondence, applications and court documents.
- Sufficient time to understand and respond to procedural developments.
- Written communication rather than reliance on hyperlinks or fragmented electronic notifications.
- Consistent application of the accommodations already requested and brought to the Court's attention.

The apparent inconsistency in the Pro Se Office's handling of my submissions is particularly concerning.

I request written clarification of any change in filing policy being applied to me, the legal basis for that change, and how the Court intends to ensure that my disability does not prevent meaningful participation.

I do not accept that administrative convenience or an unexplained change in filing practice can override the Court's obligations concerning disability accommodation and procedural fairness.

2. Objection to alternate service and procedural fairness

Your November 4 correspondence and the Court's endorsement raise questions about the procedural basis on which alternate service is being pursued.

I require:

- A complete PDF copy of the underlying motion or letter.
- The precise order or authority relied upon for the proposed method of service.
- The factual evidence said to justify alternate service.

- Confirmation of the documents that have actually been filed and served.
- Confirmation that my disability-related accommodation requests have been placed before the appropriate judicial officer.

I will not accept the substitution of hyperlinks for properly served documents as an adequate means of ensuring meaningful access to proceedings.

My objections are expressly preserved.

3. Prior recusal applications and judicial oversight complaints

I have previously sought the recusal of Judge Jesse M. Furman, including in related proceedings under Case No. 1:25-mc-00098-JMF.

Those applications were denied.

I have also made complaints concerning the handling of these proceedings to the relevant judicial oversight authorities.

Those complaints remain part of the history of my objections.

I am concerned that the underlying issues have not received adequate independent consideration, particularly where questions of judicial impartiality, procedural fairness, disability accommodation and the treatment of a litigant in person intersect.

I request that these matters be treated as formal notice of my continuing objections. I reserve all rights concerning further applications and appropriate avenues of judicial review or oversight.

4. OFAC reports and international investigations

I have previously submitted reports to the Office of Foreign Assets Control concerning parties and activities connected with the matters raised in these proceedings.

I have also made reports to prosecutorial authorities in multiple jurisdictions, including Antigua and Barbuda, concerning what I allege to be coordinated litigation activity, improper financial arrangements and the use of legal proceedings to advance interests that require independent investigation.

These reports are not judicial findings, and I do not suggest that their submission establishes the truth of every allegation.

However, their existence is relevant to the background against which the present proceedings and the conduct of the parties must be understood.

Boies Schiller Flexner and the individuals involved are on notice that these concerns have been formally raised.

5. Antigua and Barbuda: allegations of lawfare and interference with national interests

My complaints extend beyond my personal litigation.

I have reported matters involving Boies Schiller Flexner, David Boies and associated individuals to multiple Directors of Public Prosecutions and other authorities concerning alleged litigation activity affecting Antigua and Barbuda, its institutions, its economic interests and individuals including Prime Minister Gaston Browne.

These reports concern what I believe requires investigation as potential lawfare and the misuse of international legal machinery against a sovereign developing state.

The allegations include the use of litigation, financial arrangements, legal representation and associated commercial relationships in ways that I contend warrant independent scrutiny.

The relevant authorities have been notified. I reserve the right to provide further supporting evidence through appropriate channels.

6. Alfa Nero: express denial of involvement

I have absolutely nothing to do with the Alfa Nero and reject any suggestion that I have personal responsibility for the matters being attributed to me.

I regard the continued association of my name with these matters, without properly substantiated evidence, as seriously prejudicial.

I demand that you identify:

- The exact statements concerning me.
- The evidential basis for those statements.
- The source of any information supplied to the Court concerning my alleged involvement.
- The corrections, if any, that your client is prepared to make.

I have previously demanded correction of statements that I consider defamatory. Those demands have not been satisfactorily addressed.

I will not permit unsupported allegations to be repeated through court filings or correspondence without challenge.

7. Serious questions concerning relationships and financial interests

I have repeatedly raised questions concerning the relationship between Judge Jesse M. Furman and his brother, Jason Furman, and the latter's reported financial connections with interests associated with Yildirim and Guryev.

The familial relationship is publicly identifiable. The nature, extent and relevance of any alleged financial relationships require evidence and independent verification.

I am not presenting the existence of a family relationship as proof of judicial misconduct.

My concern is whether any relevant financial, professional or other connection exists that ought to

have been disclosed or considered in the context of the proceedings.

Accordingly, I ask again:

Has the Court been provided with all information necessary to assess whether any actual or apparent conflict of interest exists in relation to the parties, their financial interests and the matters before it?

I consider this a legitimate question of judicial transparency and procedural integrity.

8. David Boies, Louis Freeh and the alleged diversion of family funds

I have also placed on record allegations concerning David Boies, Daphne Barak, Louis Freeh and financial transactions involving my family.

My position is that approximately US$11 million belonging to my mother was improperly taken by my brother-in-law and that funds were subsequently used to finance legal and other activities involving David Boies and Louis Freeh.

I have identified multiple witnesses and contend that supporting evidence exists in the relevant proceedings and investigative materials.

These are serious allegations requiring examination of the underlying financial records, payment instructions, contracts and witness evidence.

I request that no party misrepresent my position or suggest that these matters have been resolved merely because they have not yet received a full evidential examination.

9. Sanctions and the Guryev and Yildirim interests

I have previously reported concerns concerning Andrey Guryev, associated interests, Yulia Guryeva-Motlokhov and the wider commercial and legal relationships relevant to these proceedings.

My understanding is that certain individuals and entities connected with these interests are subject to sanctions in relevant jurisdictions.

I have also raised concerns about the relationship between phosphate, biochemical, legal, media and sports-marketing interests involving parties associated with Guryev and Yildirim.

I expect these matters to be examined against the actual sanctions designations, applicable ownership and control rules, transaction records and relevant evidence.

I am not asking the Court to treat allegations or reports to OFAC as established findings. I am putting the existence and subject matter of those reports on notice.

10. My representation and the assistance of Professor Robert Y. Altchiler

I am presently acting without legal representation.

I have experienced extraordinary difficulties maintaining legal representation in these matters. Several

individuals who were involved in or contracted to assist me have subsequently died, become unavailable or ceased communicating with me.

These include attorneys and individuals whose involvement I have previously documented, including Matthew Huzaineh and Ronald S. Sullivan Jr.

I am also investigating circumstances surrounding the death of Asot Michael in Antigua and Barbuda and other deaths or disappearances that I believe warrant examination.

I do not suggest that these circumstances establish a common cause or that any individual is responsible without evidence.

Professor Robert Y. Altchiler is assisting me with aspects of this investigation and is copied on this correspondence.

His involvement should not be misrepresented as a formal appearance as my counsel in this proceeding.

11. Abuse of judicial machinery and preservation of evidence

The cumulative effect of these matters raises serious questions about the use of American judicial proceedings against an unrepresented, severely disabled litigant and the potential consequences for related international proceedings.

I will not accept the use of procedural mechanisms to prevent me from presenting objections, obtaining documents, exercising my rights or receiving reasonable disability accommodations.

I require the preservation of all relevant records, including:

- Internal and external correspondence concerning service and alternate service.
- Communications concerning my disability and accommodation requests.
- Communications concerning the handling of my pro se filings.
- Documents relied upon in making allegations concerning my involvement with Alfa Nero.
- Relevant financial and engagement records concerning the matters identified above.
- Records of communications concerning the present application and the November 4 endorsement.

Nothing in this request should be construed as suggesting that any particular record has necessarily been destroyed or withheld.

12. Formal demands

I therefore require:

- Proper PDF copies of all substantive documents relied upon by your client.
- Confirmation of the precise basis for the proposed alternate service.
- Written confirmation that my disability accommodations will continue to be respected.
- Clarification of any changes in the Pro Se Office's filing procedures affecting my established submission arrangements.
- Identification and correction of unsupported statements concerning my alleged involvement with

Alfa Nero.
- Preservation of relevant documents and electronic communications.
- Confirmation that my prior recusal objections and judicial oversight complaints have not been misrepresented or omitted from the procedural history.

I further request that no further attempt be made to characterise my insistence upon disability accommodations, proper service and due process as misconduct or obstruction.

13. Final notice

Mr Nielson, this correspondence is intended to remove any possible doubt about my position.

I do not consent to the proposed service arrangements. I do not waive my objections. I do not accept unsupported allegations concerning me. I do not accept inconsistent treatment of my disability accommodations.

The use of American judicial machinery must not become a means of intimidating, exhausting or procedurally excluding a disabled litigant in person.

Nor should American proceedings be used to advance interests that raise legitimate questions concerning international financial relationships, sanctions compliance and the sovereignty of Antigua and Barbuda.

I expect Boies Schiller Flexner to conduct itself accordingly.

All rights, objections, remedies and applications are expressly reserved.

Please communicate with me through properly documented formal correspondence and provide substantive documents as PDF attachments rather than relying exclusively on hyperlinks.

This communication is intended to preserve my position and provide formal notice to the recipients. It is not a substitute for any filing or application required by the Federal Rules of Civil Procedure or the applicable Local Rules.

Yours sincerely,

Alkiviades (Alki) David
SwissX Island Network
Antigua and Barbuda

**SwissX Island Network (SIN Network)**
Media · Civic Infrastructure · Sovereign Oversight

**Core Platforms**
FilmOn.com · SwissXTV.com · ETV.com
ShockYA.com · TVMix.com · HologramUSA.com · SwissX.com

**SIN Network — Federated Distribution**

EchoSphere News · Flux Daily News · Next Pulse News · MetaWorld Media
Quanta.Report · Civitas.Global · Neutral Echo News Network
World Voice News · Deep Roots News · RealTime Wire
SnapScope · Pulse Wire · OnPoint Now · FlashPoint News

**Jurisdictional Anchor**

Antigua & Barbuda / London UK / Zurich Switzerland

This communication may relate to matters of public interest, media publication, or civic infrastructure. No rights are waived.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.